IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALMUS WILSON and MARILYN WILSON, :
            Plaintiffs   :
   v.                                :       3:CV-04-1737
                                    :      (JUDGE VANASKIE)
STEVE PARISI, et al.,           :
            Defendants  :

## MEMORANDUM AND ORDER

On November 7, 2008, the PK Defendants[1] filed a Motion in Limine to exclude a consent petition they entered into on March 23, 2006, with the Bureau of Consumer Protection, Office of the Attorney General, Commonwealth of Pennsylvania.[2] (Dkt. Entry 344.) Three days later, the Gibson Defendants[3] filed a similar Motion in Limine to exclude a consent agreement they entered into on September 8, 2004, with the Pennsylvania Bureau of Professional and Occupation Affairs. (Dkt. Entry 350.) Thereafter, on January 6, 2009, the Gibson Defendants,

---

[1] The PK Defendants include Steve Parisi, Donald Kishbaugh, P & K Developers, LLC; Eagle Valley Homes, Inc.; Eagle Valley Homes North Incorporated; Mobile Developing Company; Nations First Mortgage Company; Eagle Mountain Mortgage Company; Kishbaugh and Parisi d/b/a P & K Developers, Inc.; Nations 1 st Mortgage Co., LLC; Nations 1st Mortgage Company, Incorporated; and Nations 1st Mortgage Brokers Corporation. They were the developers who sold the property in question to the Wilsons and helped arrange the financing for the purchase.

[2] For the factual background of this case, see Wilson v. Parisi, 549 F. Supp. 2d 637 (M.D. Pa. 2008).

[3] The Gibson Defendants include Lisa Marie's Appraisal Service, Inc. and Lisa Marie Gibson, who appraised the property in question in connection with its sale to the Wilsons.

represented by new counsel, filed a Supplemental Motion in Limine challenging the admissibility of the September 8, 2004 consent decree and order under Federal Rule of Evidence 408. (Dkt. Entry 402.) Oral argument on the pending Motions in Limine was held on January 16, 2009. The Motions are fully briefed and ripe for resolution.

Federal Rule of Evidence 408 precludes evidence of a party "furnishing . . . a valuable consideration in compromising or attempting to compromise the claim" and "conduct or statements made in compromise negotiations regarding the claim" when "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction . . . ."[4] Fed. R. Evid. 408(a). The public policy behind Rule 408 is "the promotion of settlement of disputes, which would be discouraged if offers of compromise were admitted." 2 MCCORMICK ON EVID. § 266 (6th Ed.); see Affiliated Mfrs., Inc. v. Aluminum Co. of America, 56 F.3d 521, 526 (3d Cir. 1995) ("The policy behind Rule 408 is to encourage freedom of discussion with regard to compromise."). "[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." Bradbury v. Phillips Petroleum Co., 815 F.2d 1356, 1364 (10th Cir. 1987).

Courts generally agree that Rule 408 applies to consent decrees. N.J. Turnpike Authority v. PPG Indus., Inc., 16 F. Supp. 2d 460, 473 (D.N.J. 1998) (listing cases); Bowers v.

---

[4]Settlement or compromise related evidence is admissible, however, "when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority." Fed. R. Evid. 408(a)(2).

Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 536 (D.N.J. 2008); Bowers v. City of Philadelphia, 2008 WL 5234318, at *6 (E.D. Pa. Dec. 12, 2008).[5]  Under Rule 408(b), consent decrees and other settlement or compromise related evidence may be admitted into evidence only when offered for purposes not prohibited by subsection (a), such as "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."  Fed. R. Evid. 408(b); see, e.g., United States v. Gilbert, 668 F.2d 94, 97 (2d Cir. 1981) (affirming the trial court's admission of the SEC civil consent degree entered into previously because it showed that the defendant "knew of the SEC reporting requirements involved in the decree . . . ."); Johnson v. Hugo's Skateway, 974 F.2d 1408, 1438 (4th Cir. 1992) (recognizing that a consent decree entered in previous civil rights litigation "clearly could be offered to show" that the defendant had engaged in discrimination in the past); see also United States v. Austin, 54 F.3d 394, 400 (7th Cir. 1995) (affirming the admission of a consent decree between the defendant and the Federal Trade Commission in a prior civil litigation because it was offered for a purpose other than proof of liability); Spell v. McDaniel, 824 F.2d 1380, 1401 (4th Cir. 1987) (finding the consent agreement properly

---

[5]"Rule 408 prevents a party from introducing settlement – and compromise – related evidence against the compromising party whether or not the party seeking to introduce the evidence was party to the compromise agreement."  Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 536 (D.N.J. 2008) (citing Hudspeth v. C.I.R., 914 F.2d 1207, 1213 (9th Cir. 1990), Green v. Baca, 226 F.R.D. 624, 640 (C.D. Cal. 2005) and Young v. Verson Allsteel Press Co., 539 F. Supp. 193, 196 (E.D. Pa. 1982)).

admitted to show that the defendant was aware of the existence of a developed practice or custom); Bowers, 2008 WL 5234318, at *6 ("Federal Rule of Evidence 408 does not bar Plaintiff from introducing the . . . consent decrees to show that Defendants had notice and knowledge").

Plaintiffs argue that the Gibson Defendants' consent agreement and order will not be used to prove liability, but to show that Defendants did not comply with professional appraisal standards or perform the work they agreed to perform.  (Pls.' Br. Opp'n Supp. Mot. Limine, Dkt. Entry 413, at 2.)  Plaintiffs' argument is unavailing because, although couched in different terms, it essentially argues for the admission of the consent agreement and order to prove liability – that the Gibson Defendants participated in a scheme to defraud them by inflating the appraisal on the property in question.  It is also clear that Plaintiffs seek to establish an inference of liability from the consent agreement entered into by the PK Defendants.  This is not a case where the consent agreements preceded the conduct being challenged in this litigation. Instead, the consent agreements pertain in part to the very conduct alleged to be actionable here.  Therefore, since Plaintiffs are attempting to use the consent decrees entered into by the PK and Gibson Defendants, and the corresponding orders, to prove liability and not for some other purpose, the consent decrees and orders are precluded by Federal Rule of Evidence Rule 408.

NOW, THIS 21st DAY OF JANUARY, 2009, IT IS HEREBY ORDERED THAT Defendants' Motions in Limine (Dkt. Entries 344 & 350) and the Gibson Defendants'

Supplemental Motion in Limine (Dkt. Entry 402) are GRANTED.  Unless otherwise allowed by the Court, Plaintiffs shall not present evidence concerning the consent decrees entered into by the PK and Gibson Defendants and the corresponding orders.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge